**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Tom Gordon,<br><br>               Debtor | Chapter 7<br>Case No. 22-10202 |

## ORDER DENYING MOTION TO VACATE DISCHARGE

The debtor has asked the Court to vacate an order granting him a discharge under chapter 7 of the Bankruptcy Code. He seeks this relief "to permit the filing of a reaffirmation agreement with Westlake Financial Services." [Dkt. No. 9]. The motion is denied.

The debtor filed his petition on September 28, 2022. [Dkt. No. 1]. Along with the petition, he filed a statement of intention indicating that he would retain a vehicle encumbered by a lien in favor of Westlake and reaffirm the associated debt. Id. Three months later, the debtor signed a reaffirmation agreement. See [Dkt. No. 8]. He then transmitted the reaffirmation agreement to his counsel, such that it was received by counsel on January 9, 2023. See [Dkt. No. 9]. That date, January 9, marked the deadline for filing reaffirmation agreements in this case under Fed. R. Bankr. P. 4008(a). In the absence of a motion to extend that deadline, the debtor received his chapter 7 discharge on the next day, January 10. [Dkt. No. 7]. Westlake apparently signed and filed the reaffirmation agreement later that day. See [Dkt. No. 8 & 9].

The motion to vacate discharge is denied for two reasons. First, there has been no showing that the agreement with Westlake was made before the debtor's receipt of a discharge, such that the agreement might be enforceable under 11 U.S.C. § 524(c)(1). The allegations in the motion establish that the reaffirmation agreement was not signed by both parties until after the discharge was granted. Moreover, there is no suggestion that Westlake manifested an

intention to enter into the reaffirmation agreement before the entry of discharge. Whether an unwritten agreement to affirm a debt is sufficient to "make" a reaffirmation agreement prior to discharge is a question that the Court need not decide. *Compare* In re Jenerette, 558 B.R. 189, 191 (Bankr. E.D. Mich. 2016) (concluding that "a reaffirmation agreement is not 'made,' within the meaning of 11 U.S.C. § 524(c)(1), until the written reaffirmation agreement is signed by both the debtor and the creditor"); *and* Whitehouse v. LaRoche, 277 F.3d 568, 574 (1st Cir. 2002) (suggesting, in dicta, that a reaffirmation agreement is only enforceable if executed prior to the entry of discharge); *with* In re LeBeau, 247 B.R. 537, 540 (Bankr. M.D. Fla. 2000) (endorsing view that reaffirmation agreement can be "made" when the debtor and creditor have a "meeting of the minds" regarding the agreement and debtor commences performance under the agreement). In this case, the debtor has not offered any allegations to support the conclusion that the reaffirmation agreement was made prior to the entry of discharge, such that the agreement might be enforceable under section 524(c)(1). *See* In re Keener, No. 20-60291, 2020 WL 6338023 (Bankr. N.D. Ohio Oct. 9, 2020) (denying motion to vacate discharge when the reaffirmation agreement was executed after the discharge entered, and debtor had expressed an intention to reaffirm the debt but failed to seek an extension of the deadline for filing the reaffirmation agreement).

Second, the motion does not reference any authority in support of the relief that the debtor seeks. A party asking the Court to vacate an order should tether that request to the applicable rules and caselaw. That relief is not appropriately granted in a vacuum.

Date: February 21, 2023

Michael A. Fagone
United States Bankruptcy Judge
District of Maine